**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Maria Molina,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Bank of America, National Association, etc.; et al.,<br><br>　　　　　Defendants. | No. CV-14-885-PHX-LOA<br><br>**ORDER** |

This action arises on the parties' Stipulation for Extension of Time for Defendants to File Responsive Pleading, requesting an extension of time for Defendants to file a response to Plaintiff's Complaint until June 2, 2014. (Doc. 5) The parties seek additional time before Defendant files an answer or other responsive pleading because they "[a]re actively working on settlement and hope to resolve this matter without further litigation." (*Id.* at 1-2)

**I. Background**

On March 7, 2014, Plaintiff Maria E. Molina, a Pima County resident, filed this action in the Maricopa County Superior Court, State of Arizona, and Defendants removed it to the

Phoenix division of this District Court on April 25, 2014. (Doc. 1) Subject matter jurisdiction is predicated upon both a federal question and complete diversity of citizenship between the parties and the amount in controversy exceeding $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §§ 1331 and 1332. The Complaint purports to allege causes of action for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 1206, Fraudulent Concealment, Negligent Non-Disclosure, Negligence, Conversion, and Consumer Fraud related to Plaintiff's either current or former residential real property located in Tucson, Arizona. (Doc. 1-1 at 8-17) The Complaint confirms Plaintiff resides in Pima County and Defendants acknowledge they are not citizens of Arizona. (Docs. 1-1, ¶ 4 at 9; 1, ¶ 5 at 2) Plaintiff seeks compensatory and punitive damages and attorney's fees and costs for, *inter alia*, the alleged lost opportunity to obtain a residential loan modification on a $215,000.00 loan via the Home Affordable Refinance Program ("HARP"), and the alleged lost opportunity to obtain a $97,542.00 principal reduction from the Save Our Home Program. (Doc. 1-1, ¶¶ 11, 16, 18)

**II. Venue**

Federal civil actions may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391. The District of Arizona is divided into three divisions: the Phoenix division, the Prescott division, and the Tucson division. *See* civil Rule of Practice for the District Court of Arizona ("Local Rule" or "LRCiv") 77.1(a); *U.S. v. $93,110.00 in U.S. Currency*,

2008 WL 4183074, at *3 (D. Ariz. Sept. 8, 2008). Pima County falls within the Tucson division. LRCiv. 77.1(a). Regarding the location of trials, however, LRCiv 77.1(c) mandates that "[u]nless otherwise ordered by the Court, all civil and criminal cases founded on causes of action (1) arising in Phoenix shall be tried in Phoenix, (2) arising in the Prescott division shall be tried in Prescott, and (3) arising in the Tucson division *shall* be tried in Tucson." LRCiv. 77.1(c) (emphasis added); *see also Konarski v. Rankin*, 2013 WL 4507761, at *1 (D. Ariz. Aug. 22, 2013). As the residential real property at issue in this lawsuit and any deed of trust securing any loan on the residence are located and recorded in Pima County, this action arises in the Tucson division and should be transferred to the Tucson division for all further proceedings. This action, however, will not be transferred to the Tucson division of the District Court of Arizona until after Defendants respond to the Complaint and briefing is submitted on the issue.

**III. Discussion**

Because the law favors the voluntary settlement of civil suits, *Curtis v. Century Sur. Co.*, 2007 WL 3307011, at *1 (D. Ariz. Nov. 6, 2007) (citing *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 997 (2d Cir. 1983), and Rule 1, Fed.R.Civ.P., requires the civil procedural rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" the Court will grant a one-time extension until June 2, 2014, before Defendants are required to file a responsive pleading and briefing is ordered on the filing in the wrong division. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

which it could have been brought.").

Pursuant to stipulation and in the exercise of the Court's wide discretion to manage its cases,

**IT IS ORDERED** that the parties' Stipulation for Extension of Time for Defendants to File Responsive Pleading, doc. 5, is **GRANTED** and hereby extending the time that Defendants must answer or otherwise plead in response to the Complaint in this action to, and including, **Monday, June 2, 2014**. Counsel are reminded that motions to dismiss pursuant to Rules 12(b)(6) and 12(c) must contain a certification of conferral, indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.

Dated this 5th day of May, 2014.

Lawrence O. Anderson
United States Magistrate Judge